[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY APPLICATION
The plaintiff brought this application for a prejudgment remedy to attach the real property of the defendant to secure a claim for unpaid rent.
The court finds the following facts. The plaintiff and his first wife, Joan, the defendant's sister, resided at 54 Marshall Ridge Road, New Canaan. This property consists of four acres of land with two houses and two garages. The plaintiff and his wife, who died on October 25, 1990, resided in number 54; the defendant's mother lived in number 62, the other house. The town of New Canaan treats this property as one under the address of 62 Marshall Ridge Road.
In the early morning hours of October 4, 1988 fire rendered the defendant's property uninhabitable. He and his wife moved into his mother's home. His daughter and her three children moved into the plaintiff's home. Shortly thereafter the defendant entered into a lease agreement with his sister Joan and the plaintiff in this action. He told the plaintiff that he needed to show a lease agreement to his insurance company in connection with making a claim. There is a dispute as to whether or not Mr. Forrest's daughter and grandchildren CT Page 3414 were invited by his sister to stay; nevertheless the fact is that they remained until August, 1989. The other fact is that Mr. Forrest signed a lease to pay $385 per week to his sister and brother-in-law as rent.
Mr. Jenkins stated in his affidavit and in his testimony that he was and is the owner of 54 Marshall Ridge. This is not accurate. At the time of the lease the plaintiff's late wife was the remainderman while his mother-in-law had life use of the property. From the facts presented the plaintiff might have been a licensee but there is no evidence of authority permitting him or his wife to lease the premises. The court is unable to make a determination of the interests, rights and obligations of the parties without determining the intent of the grantor. 51 Am.Jur.2d, Life Tenants and Remaindermen, sec. 106.
When Mrs. Jenkins died in October 1990, the plaintiff took title to the remaindered interest as sole trustee for his children who are the beneficial owners. As executor of his late wife's estate he made no claim against her brother, the defendant, for monies due her estate pursuant to the lease.
The court cannot find that probable cause will enter in favor of this plaintiff in his individual capacity. Therefore the application for a prejudgment remedy is denied.
LEHENY, JUDGE